```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE SOUTHERN DISTRICT OF TEXAS

 3                        HOUSTON DIVISION

 4   UNITED STATES OF AMERICA    §    CASE NO. 4:18-CR-199-2
                                 §    HOUSTON, TEXAS
 5   VERSUS                      §    THURSDAY,
                                 §    OCTOBER 28, 2021
 6   NADAL DIYA                  §    2:34 P.M. TO 2:43 P.M.

 7
                      INITIAL APPEARANCE (VIA ZOOM)
 8
              BEFORE THE HONORABLE FRANCES H. STACY
 9                 UNITED STATES MAGISTRATE JUDGE

10

11

12      APPEARANCES:                    SEE NEXT PAGE

13      ELECTRONIC RECORDING OFFICER:  DISA MCKINNIE-RICHARDSON

14      CASE MANAGER:                   BEVERLY WHITE

15

16      (EXTREME DISTORTION NOTED IN AUDIO)

17

18

19

20                   TRANSCRIPTION SERVICE BY:

21             JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                     935 Eldridge Road, #144
22                    Sugar Land, TX 77478
                        281-277-5325
23              www.judicialtranscribers.com

24
         Proceedings recorded by electronic sound recording;
25          transcript produced by transcription service.
```

```
 1                  APPEARANCES (VIA ZOOM):

 2

 3  FOR THE PLAINTIFF:        US ATTORNEY'S OFFICE
                              Michael Day, Esq.
 4                            1000 Louisiana St., Ste. 2300
                              Houston, TX  77002
 5                            713-567-9357

 6

 7  FOR THE DEFENDANT:        SCHAFFER CARTER & ASSOCIATES
                              James Kennedy, Esq.
 8                            101 McKinney St., Ste. 1600
                              Houston, TX  77002
 9                            713-228-8500

10

11

12  ALSO PRESENT:             MARTHA DELGADO, PRETRIAL

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1         HOUSTON, TEXAS; THURSDAY, OCTOBER 28, 2021; 2:34 P.M.
 2             THE CLERK:  The next case is Criminal 18-199,
 3   Defendant 2, Nadal Diya, D-I-Y-A, Initial Appearance on a
 4   violation.
 5             MR. DAY:  Michael Day for the United States.
 6             THE COURT:  Hi, Mr. Day.
 7             MR. DAY:  Hello.
 8             THE COURT:  Okay.  Who is Mr. Diya's lawyer,
 9   Beverly, do you know?
10             THE CLERK:  He's represented by counsel.
11             MR. KENNEDY:  Good afternoon, Your Honor.  James
12   Kennedy on --
13             THE COURT:  Oh, hi, Mr. Kennedy.  It's hard to
14   recognize you, but I do recognize the voice.
15             And you're present in the courtroom for Nadal
16   Diya?
17             MR. KENNEDY:  Yes, ma'am.
18             THE COURT:  And Mr. Diya has retained Mr. Kennedy;
19   is that right, Mr. Diya?
20             DEFENDANT DIYA:  Yes, Your Honor.
21             THE COURT:  And do you agree to conduct this
22   hearing by video conference today to avoid spreading
23   disease?
24             DEFENDANT DIYA:  Yes, Your Honor.
25             THE COURT:  You have been accused of violating
```

1  your pretrial release conditions by you were arrested by the
2  Centerville Police Department on July 15, 2021 for DWI and
3  as far as I can see, Article 3 says that (indiscernible) be
4  entered at the conclusion of a case involving Leatrice
5  Daniels.  This order was entered on May 29, 2020 and Judge
6  Miller requires you (indiscernible) the Court to show why
7  your bail should not be revoked because of the -- Judge
8  Miller has a hearing date for revocation consideration,
9  Beverly?
10             THE CLERK:  I'm sorry, Judge.  I'm trying to
11  answer Judge Eskridge's case manager and I didn't hear you.
12             THE COURT:  I was wondering if Judge Miller has a
13  hearing date.
14             THE CLERK:  November the 9th, 2021 at 10:00 a.m.,
15  I'm sorry.
16             THE COURT:  It's okay.
17             THE CLERK:  I don't see that he ordered detention
18  and I sent an email to his case manager and she could not
19  answer that question and the judge was not available.  So
20  she assumes the judge intends for the person to be in
21  custody.
22             THE COURT:  Does the Government moves to detain
23  Mr. Diya until the November 9th hearing date?
24             MR. DAY:  Your Honor, the Government is not asking
25  for detention at this time.  We would ask for an additional

1 condition of alcohol evaluation and treatment if one hasn't
2 already been done in this case, but we're not asking for
3 detention at this time.
4     THE COURT: Then ask Mr. (indiscernible) from
5 Pretrial if he knows an alcohol or drug evaluation has been
6 made for this Defendant?
7     MS. DELGADO: Your Honor, it's Martha Delgado from
8 Pretrial Services.
9     THE COURT: Hi, Ms. Delgado.
10     MS. DELGADO: And I apologize. I think my video
11 is a little choppy and you probably cannot see me.
12     THE COURT: No, you look like you're at the
13 Federal Building.
14     MS. DELGADO: Yes. Can you hear me okay, though?
15     THE COURT: Yes.
16     MS. DELGADO: And to answer your question, no, an
17 alcohol/drug evaluation has not been conducted because it
18 was not part of the original bond, but I would like to say
19 if the Court is inclined to release Mr. Diya on bond, we
20 would recommend the substance abuse treatment, substance
21 abuse testing, and also, the location monitoring with home
22 detention, considering the circumstances surrounding his
23 arrest.
24     THE COURT: Can I ask a question about the
25 petition? It says, "Reference to Leatrice Malika De

1  Bruhl-Daniels."  Is that a typographical error at the bottom
2  of the case line?
3       (Indiscernible)
4           THE COURT:  Okay.
5           MR. KENNEDY:  You wrote it, Ms. Delgado, go ahead.
6           MS. DELGADO:  Yes.  Thank you.
7           It is not an error, Your Honor.  Apparently this
8  case has been continued for a while and that is the last
9  docket entry pertaining to (indiscernible) is going to
10 follow the conclusion of Leatrice De Bruhl-Daniels' case, if
11 I'm not mistaken, Mr. Kennedy.
12          THE COURT:  It's a different case?
13          MR. KENNEDY:  That's correct, Judge.  He's a
14 co-Defendant in this case has been (indiscernible) her and
15 it's been -- that trial has been continued multiple times
16 due to the pandemic.
17          THE COURT:  Okay.
18          MR. KENNEDY:  And that was the last docket entry.
19          But you know, for whatever it's worth, Mr. Diya
20 goes by Ms. Delgado's warning after his release on his
21 misdemeanor in July.  She's been aware of it for some time.
22 They have spoken at great length about the issues
23 surrounding the communications with her.  Since the
24 (indiscernible), she recommended a summons.  The petition
25 was filed in the middle of August, so (indiscernible).

1          I would ask the Court to consider releasing him on
2 the conditions that Ms. Delgado posed and we're not going to
3 (indiscernible), but if the Court would consider a limited
4 curfew, as opposed to home detention, but at this point,
5 beggars can't be choosers.
6          THE COURT: Do you agree to those conditions? And
7 I will add them to the bail conditions, and your client will
8 be required to sign them. That will include alcohol and
9 drug treatment and testing, as directed by the Probation
10 Office, a location monitor and a curfew.
11          MALE SPEAKER: (Indiscernible).
12          THE COURT: The ankle monitor.
13          When does he report to put on the ankle monitor?
14          MS. DELGADO: Your Honor, if he --
15          US MARSHAL: Your Honor?
16          THE COURT: Yes.
17          US MARSHAL: Your Honor, typically the Pretrial
18 and Probation can come up to the 10th Floor at the Marshal
19 Service, and they'll put it on for him.
20          THE COURT: Can you do that at any time today,
21 Ms. Delgado?
22          MS. DELGADO: Yes, Your Honor. We can advise our
23 duty officer.
24          THE COURT: Thank you very much.
25          MS. DELGADO: One last thing, Your Honor.

1      THE COURT: Oh, go ahead, Ms. Delgado.
2      MS. DELGADO: Thank you.
3      The location monitoring and the curfew, can you
4 pronounce the curfew hours?
5      THE COURT: We can tell you what hours to use.
6      Yes, Beverly?
7      THE CLERK: Can we have Probation to put all of
8 this in writing, the changes that's added to the bond
9 conditions?
10     THE COURT: Yes.
11     THE CLERK: Added to the minute entries?
12     THE COURT: Yes. It needs to be amended. Bail
13 conditions, can you please formalize that in writing,
14 Ms. Delgado?
15     MS. DELGADO: Yes, Your Honor.
16     THE COURT: Do you know where the Defendant works,
17 Ms. Delgado?
18     MS. DELGADO: I believe, Your Honor, he's
19 self-employed with like an oil-and-gas-type company.
20     MR. KENNEDY: Correct. He works from 8:00 a.m. to
21 10:00 p.m. curfew, which is what he had previously. He has
22 been (indiscernible).
23     THE COURT: Do you agree to that, ma'am, the way
24 he had it before?
25     MS. DELGADO: 10:00 p.m. to 8:00 a.m.?

```
 1              THE COURT:  Yes.
 2              MS. DELGADO:  Yes.
 3              THE COURT:  Okay.  These are conditions agreed to
 4  by the Defendant, but (indiscernible) prepare for a
 5  revocation hearing before Judge Miller.
 6              DEFENDANT DIYA:  Yes, Your Honor.
 7              THE COURT:  So let me set this.  Did he give us
 8  dates?  Oh, you did give me date, November 9th.  At what
 9  time?
10              THE CLERK:  10:00 a.m.
11              THE COURT:  10:00 a.m.
12              MR. KENNEDY:  I have a conflict with that day, but
13  I'll take it up with Judge Miller (indiscernible).
14              THE COURT:  Okay.  Go to the Marshal's office and
15  apply your ankle monitor.
16              The Probation Officer, Ms. Delgado, will prepare
17  your bail modifications and conditions in writing.  We'll
18  ask you to sign them.
19              Will you raise your right and swear you will
20  comply with the modified bail conditions we just discussed,
21  alcohol and drug treatment, testing, ankle location monitors
22  and having a curfew of 10:00 p.m. to 8:00 a.m. after work?
23              DEFENDANT DIYA:  Yes, ma'am.
24              THE COURT:  Okay.  Have a seat.
25              All right.  Thank you, Mr. Kennedy and
```

1  Ms. Delgado.
2         MS. DELGADO:  Thank you, Your Honor.
3         MR. KENNEDY:  Thank you, Your Honor.
4     (Proceedings adjourned at 2:43 a.m.)
5                     * * * * *
6         *I certify that the foreground is a correct*
7  *transcript to the best of my ability produced from the*
8  *distorted electronic sound recording of the ZOOM/telephonic*
9  *proceedings in the above-entitled matter.*
10 */S/ MARY D. HENRY*
11 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
12 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET\*\*337*
13 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
14 *JTT TRANSCRIPT #64813*
15 *DATE FILED:  DECEMBER 20, 2021*
16
17
18
19
20
21
22
23
24
25